UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TIMOTHY KERLEY,<br><br>                      Plaintiff,<br><br>       v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,<br><br>                      Defendant. | CASE NO. 2:16-cv-01841 JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

      This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 3; Consent to Proceed Before a United States Magistrate Judge, Dkt. 5). This matter has been fully briefed. *See* Dkt. 10, 14, 15

      Plaintiff is a veteran and was injured in a motor vehicle accident on the battlefield. *See* AR. 825. Since then, plaintiff has suffered from "widespread pain, myalgias, fatigue,

diffuse tenderness, morning stiffness, headaches, and early awakenings." *Id*. An examining physician has opined that these symptoms are attributable to the diagnosis of fibromyalgia. *See id.*

The ALJ found that plaintiff's fibromyalgia is not a medically determinable impairment. *See* AR. 31. However, after considering and reviewing the record, the Court concludes that the ALJ's findings regarding plaintiff's fibromyalgia are not based on substantial evidence in the record as a whole. The ALJ found that the physician who diagnosed fibromyalgia relied solely on plaintiff's report, did not perform an examination, and did not observe or record any tender point findings. *Id*. Although these findings may have been appropriate based on the record that was before the ALJ, plaintiff subsequently submitted new evidence to the Appeals Council, which this Court must take into consideration when determining whether or not the ALJ's findings in his written decision are based on substantial evidence in the record as a whole. Because this new evidence demonstrates that the physician did indeed perform an examination, noted relevant fibromyalgia related symptoms, and observed 12 bilateral tender points, the findings relied on by the ALJ when evaluating plaintiff's fibromyalgia are not based on substantial evidence in the record as a whole. However, this matter should be remanded for further administrative proceedings, allowing the Administration the opportunity to evaluate plaintiff's fibromyalgia in the first instance, based on a full record.

Therefore, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

## BACKGROUND

Plaintiff, TIMOTHY J. KERLEY, was born in 1965 and was 54 years old on the alleged date of disability onset of June 13, 2015. *See* AR. 187-88. Plaintiff has work experience as a bus driver, aerospace instructor, aerospace machinist, delivery driver and police officer/engineer in the U.S. Army. AR. 261-72.

According to the ALJ, plaintiff has at least the severe impairments of "lumbar degenerative disk disease and right shoulder degenerative joint disease (20 CFR 404.1520(c))." AR. 31.

At the time of the hearing, plaintiff was living with his wife in their home. AR. 56-57.

## PROCEDURAL HISTORY

Plaintiff's application for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) was denied initially and following reconsideration. *See* AR. 100, 115. Plaintiff's requested hearing was held before Administrative Law Judge Glenn Meyers ("the ALJ") on February 2, 2016. *See* AR. 51-99. On July 25, 2016, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. *See* AR. 25-50.

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether the ALJ properly concluded that fibromyalgia and IBS were not medically determinable impairments; (2) Whether the ALJ provided clear and convincing reasons for rejecting plaintiff's testimony; (3) Whether the ALJ provided legally sufficient reasons for rejecting medical source opinions; (4) Whether the ALJ provided legally sufficient

reasons for rejecting plaintiff's VA disability rating; (5) Whether the ALJ provided germane reasons for rejecting the lay testimony; and (6) Whether the ALJ erred in finding that plaintiff could return to his past relevant work as a school bus driver. *See* Dkt. 10, pp. 1-2.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

(1) **Whether the ALJ properly concluded that fibromyalgia and IBS were not medically determinable impairments.**

Plaintiff contends that the ALJ erred when concluding that plaintiff's alleged fibromyalgia is not a medically determinable impairment, and hence, is not a severe impairment. Defendant contends that there is no error.

Step-two of the administration's evaluation process requires the ALJ to determine if the claimant "has a medically severe impairment or combination of impairments." *Smolen v. Chater*, 80 F.3d 1273, 1289-90 (9th Cir. 1996) (citation omitted); 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (1996). An impairment is "not severe" if it does not "significantly limit" the ability to conduct basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Basic work activities are "abilities and aptitudes necessary to

do most jobs," including, for example, "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling; capacities for seeing, hearing and speaking; understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting." 20 C.F.R. § 404.1521(b).  "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual[']s ability to work.'" *Smolen, supra*, 80 F.3d at 1290 (quoting Social Security Ruling "SSR" 85-28) (citing *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988)).

According to Social Security Ruling 96-3b, "[a] determination that an individual's impairment(s) is not severe requires a careful evaluation of the medical findings that describe the impairment(s) (*i.e.*, the objective medical evidence and any impairment-related symptoms), and an informed judgment about the limitations and restrictions the impairments(s) and related symptom(s) impose on the individual's physical and mental ability to do basic work activities." SSR 96-3p, 1996 SSR LEXIS 10 at *4-*5 (citation omitted). If a claimant's impairments are "not severe enough to limit significantly the claimant's ability to perform most jobs, by definition the impairment does not prevent the claimant from engaging in any substantial gainful activity." *Yuckert, supra*, 482 U.S. at 146.

The ALJ found that plaintiff's alleged fibromyalgia "is not a medically determinable impairment because the record does not contain a diagnosis from an acceptable medical source substantiated by the findings required by the regulations." AR.

31 (citing SSR 12 – 2p). Instead, the ALJ found that "fibromyalgia was diagnosed in 2013 based solely on the claimant's report." *Id*. (Footnote omitted). The ALJ also found that the "examining doctor recorded no tender point findings or other evidence required by the regulations. Nor did the doctor rule out other possible sources of the alleged symptoms." *Id*. (internal citation to AR. 640-41).

Plaintiff cites to evidence that was submitted to the Appeals Council when presenting his arguments regarding fibromyalgia. The Ninth Circuit has held that "when a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court *must* consider in determining whether [or not] the Commissioner's decision is supported by substantial evidence." *Brewes v. Comm'r of SSA*, 682 F.3d 1157, 1159-60 (9th Cir. 2012) (emphasis added).

The new evidence demonstrates that the ALJ's findings regarding fibromyalgia are not supported by substantial evidence in the record as a whole.

It is true that the treatment record from December 6, 2013 cited by the ALJ did not evidence the physical examination conducted by plaintiff's doctor. *See* AR. 640-41. However, even this treatment record should have suggested to the ALJ that the record at that time was inadequate to allow for a proper review of plaintiff's alleged fibromyalgia, thus triggering the ALJ's duty to develop the record. *See Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (the ALJ's duty to supplement the record is triggered if the record is inadequate to allow for proper evaluation of the evidence.). The December 2013 record cited by the ALJ indicates that plaintiff had been diagnosed previously with

fibromyalgia, on October 14, 2013. *See* AR. 641. Although this earlier treatment record from October 14, 2013 was not before the ALJ, the record reviewed by the ALJ evidenced its existence, putting the ALJ on notice that some medical records were missing. Regardless, the new evidence consisting of this October 14, 2013 record presented to the Appeals Council must be considered by this Court when determining whether or not the ALJ's findings are based on substantial evidence in the record as a whole. *See Brewes*, 682 F.3d at 1159-60.

The earlier treatment records submitted by plaintiff to the Appeals Council demonstrates that the doctor performed a physical examination and observed 12 bilateral tender points. *See* AR. 826. The exact locations of these tender points are specified in the examination notes from the physician including occipital muscles, trapezius muscles suprapsinatus muscles, lateral condyle muscles, gluteal muscles, and the knees, all bilaterally indicated. *See id*. This earlier treatment record also indicates that plaintiff had been suffering from "widespread pain, myalgias, fatigue, diffuse tenderness, morning stiffness, headaches, and early awakenings." AR. 825. Dr. Michael R Dillard, M.D., who performed this examination and provided the initial diagnosis, opined that plaintiff's "history and exam are classic for fibromyalgia, [which] can be brought on by trauma, which he certainly had." AR. 835 (likely referring to plaintiff's "battlefield MVA"). Therefore, the Court concludes that the findings relied on by the ALJ when failing to credit fully plaintiff's alleged fibromyalgia as a medically determinable impairment, that is, a lack of a diagnosis, the lack of examination, and the lack of tender point findings, are not based on substantial evidence in the record as a whole. Therefore, the Court

concludes that the ALJ erred when determining that plaintiff's fibromyalgia was not medically determinable and was not a severe impairment that needed to be accommodated into plaintiff's residual functional capacity ("RFC") determination.

The Court also concludes that this error is not harmless.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). Recently the Ninth Circuit reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (citing *Stout,* 454 F.3d at 1055-56). In *Marsh*, even though "the district court gave persuasive reasons to determine harmlessness," the Ninth Circuit reversed and remanded for further administrative proceedings, noting that "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Id.* (citing 20 C.F.R. § 404.1527(d)(1)-(3)).

Plaintiff contends that the error is not harmless because the "ALJ's rejection of fibromyalgia as a medically determinable impairment led him to improperly reject [plaintiff's] symptom testimony due to a lack of objective findings and to omit limitations from his RFC finding, [thus undermining the ALJ's] conclusion that [plaintiff] could

perform his past relevant work as a school bus driver." Dkt. 10, p. 5. Plaintiff's argument is persuasive. Part of the rationale for the ALJ's failure to credit fully plaintiff's allegations was that the medical evidence is not consistent with those allegations, specifically noting, among other things, that the alleged fibromyalgia is not a medically determinable impairment. *See* AR. 39.

Furthermore, when an ALJ fails to find an impairment severe, the error is not necessarily harmless just because the ALJ proceeds to subsequent steps in the sequential disability evaluation process. *See Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012). In *Hill*, the Ninth Circuit court concluded that an ALJ erred where the ALJ failed to find severe a claimant's panic disorder when the claimant described symptoms consistent with panic disorder to the ALJ at the administrative hearing. *See id.* The court found that because "the ALJ excluded panic disorder from [the claimant's] list of impairments and instead characterized her diagnoses as anxiety alone, the residual functional capacity determination was incomplete, flawed, and not supported by substantial evidence in the record." *See id.* Here too, it is likely that the RFC determination is incomplete and potentially flawed. *See* AR. 38. The ALJ did not appear to credit fully plaintiff's allegations of pain, stiffness, fatigue, headache, diffuse tenderness, anxiety, and sleep disturbance, all of which Dr. Dillard noted were present and potentially related to plaintiff's fibromyalgia. *See* AR. 825.

Therefore, for the reasons stated and based on the record as a whole, the Court cannot conclude with confidence "'that no reasonable ALJ, when fully crediting the

ORDER ON PLAINTIFF'S COMPLAINT - 9

[evidence regarding plaintiff's fibromyalgia], could have reached a different disability determination.'" *Marsh*, 792 F.3d at 1173. Therefore the error is not harmless.

However, the Court concludes that this matter requires further evaluation by the Administration. Therefore, the Court will not remand this matter with a direction to award benefits as requested by plaintiff, but instead, remands this matter for further administrative proceedings. *See id.* ("the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court") (citing 20 C.F.R. § 404.1527(d)(1)-(3)). The Court concludes that further administrative proceedings would be useful. See *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (citations omitted) (remand with a direction to award benefits is not appropriate if "further administrative proceedings would be useful").

**(2) Whether the ALJ provided clear and convincing reasons for rejecting plaintiff's testimony and whether the ALJ provided legally sufficient reasons for rejecting medical source opinions.**

The Court already has concluded that the ALJ erred in reviewing the medical evidence and that this matter should be reversed and remanded for further consideration, *see supra*, section 1. In addition, the evaluation of a claimant's statements regarding limitations relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c); SSR 16-3p, 2016 SSR LEXIS 4. Therefore, plaintiff's testimony and statements should be assessed anew following remand of this matter. Similarly, as the ALJ erred when evaluating the medical evidence, the Court concludes that all the medical

evidence should be evaluated following remand of this matter, including the alleged IBS, and the rejected medical opinion evidence.

(3) **Whether the ALJ provided legally sufficient reasons for rejecting plaintiff's VA disability rating and whether the ALJ provided germane reasons for rejecting the lay testimony.**

Because this matter is being remanded for further administrative proceedings, plaintiff's VA disability rating and the lay testimony should be evaluated anew following remand of this matter. As a necessity, the ALJ will need to revisit following remand of this matter the determination regarding if plaintiff can return to his past relevant work as a school bus driver.

## CONCLUSION

Based on the stated reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 24th day of July, 2017.

J. Richard Creatura
United States Magistrate Judge