UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TIMOTHY KERLEY,<br><br>                Plaintiff,<br><br>    v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,<br><br>                Defendant. | CASE NO. 2:16-CV-01841 JRC<br><br>ORDER ON PLAINTIFF'S CONTESTED MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT |

      This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 3; Consent to Proceed Before a United States Magistrate Judge, Dkt. 5). This matter comes before the Court on plaintiff's contested motion for attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (hereinafter "EAJA") (*see* Dkts. 18, 19).

      In this matter, the Court reversed the ALJ's written decision based on new evidence submitted to the Appeals Council that was not before the ALJ. Therefore, the

ALJ was substantially justified in her original findings in the written decision on that issue. In addition, reasonable minds could differ regarding other findings originally relied on by the Court. Attorney's fees are provided pursuant to the Equal Access to Justice Act only if the Administration's position was not substantially justified.

Therefore, as the Court has concluded that the Administration's positions were substantially justified, plaintiff's motion for attorney's fees and costs (Dkt. 18) is denied.

## BACKGROUND and PROCEDURAL HISTORY

On July 24, 2017, this Court issued an Order reversing and remanding this matter for further consideration by the Administration (*see* Dkt. 16).

The Court found that the ALJ erred in reviewing the medical evidence when failing to find that plaintiff's alleged fibromyalgia was a medically determinable impairment (*see id.*). This matter was reversed pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration due to the harmful error in the evaluation of plaintiff's alleged fibromyalgia (*see id.*).

Subsequently, plaintiff filed a motion for EAJA attorney's fees, to which defendant objected (*see* Dkt. 18). Defendant asserts that "the government's position was substantially justified. Accordingly, the Commissioner asks the Court to deny Kerley's motion for fees and costs." (Dkt. 19, p. 1, 5-6). Plaintiff did not file a reply (*see* Dkt.).

## STANDARD OF REVIEW

In any action brought by or against the United States, the EAJA requires that "a court shall award to a prevailing party other than the United States fees and other expenses . . . . unless the court finds that the position of the United States was

substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

According to the United States Supreme Court, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The government has the burden of proving that its positions overall were substantially justified. *Hardisty v. Astrue*, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010), *cert. denied*, 179 L.Ed.2d 1215, 2011 U.S. LEXIS 3726 (U.S. 2011) (*citing Flores v. Shalala*, 49 F.3d 562, 569-70 (9th Cir. 1995)). A finding that an Administrative finding is not based on substantial evidence is a good indication of a lack of substantial justification. *See Meier v. Colvin*, 727 F.3d 867, 872 (9th Cir. 2013) (citations omitted). The Court has an independent duty to review the submitted itemized log of hours to determine the reasonableness of hours requested in each case. *See Hensley, supra*, 461 U.S. at 433, 436-37.

## DISCUSSION

In this matter, plaintiff clearly was the prevailing party because he received a remand of the matter to the Administration for further consideration (*see* Order on Complaint, Dkt. 16). In order to award a prevailing plaintiff attorney fees, the EAJA also requires a finding that the position of the United States was not substantially justified. 28 U.S.C. § 2412(d)(1)(B).

The Court notes that the fact that the Administration did not prevail on the merits does not compel the conclusion that its position was not substantially justified. *See Kali v. Bowen*, 854 F.2d 329, 334 (9th Cir. 1988)) (*citing Oregon Envtl. Council v. Kunzman*,

817 F.2d 484, 498 (9th Cir. 1987)). The Court also notes that when determining the issue of substantial justification, the Court reviews only the "issues that led to remand" in determining if an award of fees is appropriate. *See Toebler v. Colvin*, 749 F.3d 830, 834 (9th Cir. 2014)). Hence, here, we have the issue of the ALJ's failure to find that plaintiff's alleged fibromyalgia is a medically determinable impairment, determined to be error based on new evidence subsequently added to the record by the Appeals Council.

The Supreme Court squarely addressed the meaning of the term "substantially justified." *See Pierce v. Underwood*, 487 U.S. 552, 564-68 (1988). The Court concluded that "as between the two commonly used connotations of the word "substantially," the one most naturally conveyed by the phrase before us here is not "justified to a high degree," but rather "justified in substance or in the main" -- that is, justified to a degree that could satisfy a reasonable person." *Id.* at 565. The Court continued, noting that the stated definition "is no different from the 'reasonable basis both in law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue." *Id.* (citations omitted).

In addition, as stated by the Ninth Circuit, a "substantially justified position must have a reasonable basis both in law and fact." *Guiterrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (*citing Pierce v. Underwood*, *supra*, 487 U.S. at 565; *Flores v. Shalala*, 49 F.3d 562, 569 (9th Cir. 1995)). The Court is to focus on whether or not the Administration was substantially justified in taking its original action; and, in defending the validity of the action in court. *Id.* at 1259 (*citing Kali*, *supra*, 854 F.2d at 332).

First, the Court will address whether the Administration was substantially justified in the original action, that is, the ALJ's written decision, when concluding that plaintiff's alleged fibromyalgia was not a medically determinable impairment because the record did not contain a diagnosis and because the physician had failed to perform an examination and had not delineated any tender points. *See id*.; *see also* AR. 37.

Defendant argues that these findings by the ALJ were "accurate with the record that was before the ALJ." Dkt. 19, p. 4. Plaintiff did not file a reply in support of her motion for fees, and thus does not dispute this argument from defendant.

The Court reversed this matter based on the conclusion that the "new evidence demonstrates that the ALJ's findings regarding fibromyalgia are not supported by substantial evidence in the record as a whole." Dkt. 16, p. 6. As the new evidence was not before the ALJ, by definition, this suggests that defendant's argument is persuasive.

Although, as noted, plaintiff did not file a reply, plaintiff did briefly address substantial justification in her motion for fees. *See* Dkt. 18, pp. 3-5. Plaintiff contends that because the ALJ's decision was not supported by substantial evidence, that therefore the government's position was not substantially justified as the Ninth Circuit considers those standards to be substantially similar. *Id*. However, such argument fails to recognize the fact that this Court concluded that the ALJ's finding was not based on substantial evidence only when taking into account the new evidence that was not before the ALJ.

Based on a review of the record as a whole, the Court concludes that defendant's argument is persuasive and that the ALJ was substantially justified when, based on the

original record, failing to find that plaintiff's fibromyalgia is a medically determinable impairment.

The Court also must consider whether the Administration was substantially justified in defending the validity of the action in court. *Guiterrez*, 274 F.3d at 1259 (*citing Kali*, *supra*, 854 F.2d at 332). Given that the Court has concluded that the Administration was substantially justified in the original action, it naturally follows that the Administration was substantially justified in defending the original action before this Court. Plaintiff has offered no reason to find differently. Furthermore, defendant argues that the new evidence "did not make remand a foregone conclusion." *See* Dkt. 19, p. 4. The Court concludes for the further reasons stated below that defendant's position when defending the ALJ's written decision on this issue was "justified to a degree that could satisfy a reasonable person." *Pierce*, 487 U.S. at 565.

Defendant concedes that the ALJ's findings were contrary to the new evidence in that the doctor *had* conducted an examination, witnessed sufficient tender points, and diagnosed fibromyalgia. *See* Dkt. 19, p. 4; AR. 31. However, defendant contends that although the ALJ may have altered the findings regarding fibromyalgia and functional limitations if the new evidence had been part of the original record, (making the errors not harmless), the record does not require that the ALJ do so due to the lack of explicit ruling out of other diagnoses by acceptable means. *See id*. Plaintiff argued in the Opening Brief that "Dr. Dilliard's diagnosis comports with the requirements of Social Security Ruling (SSR) 12-2p, 2012 WL 3104869, pertaining to the evaluation of fibromyalgia," and acknowledged that such required "evidence that other disorders that could cause the

symptoms or signs were excluded," Dkt. 10, p. 5; *see also* p. 4 n.2. Plaintiff thereby indicated to the Court that Dr. Dilliard had ruled out other diagnoses. *See id.; see also id.* at p. 4 ("Dr. Dillard diagnosed Mr. Kerley with fibromyalgia on the basis of bilateral tender points (14 of out 18), which he specifically identified, in addition to a history of widespread pain, stiffness, myalgias, fatigue, diffuse tenderness, headaches, anxiety, and sleep disturbance with no other pertinent findings to account for Mr. Kerley's symptoms") (citing AR. 825-26, 832-35) (footnote omitted). However, plaintiff did not direct the Court to any such rule out exclusionary diagnosis. Therefore, defendant's argument that remand was not a foregone conclusion based on the new evidence is persuasive.

The Court also reversed this matter with a finding that the ALJ erred when failing the duty to develop the record; however, this finding, too, revolved around the same treatment notes regarding the records and findings on fibromyalgia, which has just been discussed. The record before the ALJ triggered the ALJ's duty to develop the record as it indicated that there was a previous treatment record establishing the fibromyalgia diagnosis which was not at that time in the record. *See* AR. 640 (plaintiff presented "for a *recheck* of fibromyalgia") (emphasis added). However, the Court concludes that this is an issue upon which reasonable minds could differ, given the inherent tension between the ALJ's duty to develop the record and plaintiff's duty to provide all information required to support a finding of disability. *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987)) (*quoting* 42 U.S.C. § 423(d)(5)(A)). Therefore, the ALJ's position is one about which reasonable minds could differ, and the position is substantially justified.

The Court also notes that plaintiff did not raise this issue regarding the duty to develop record before the Court originally in his briefs. *See* Dkt. 10. Therefore, the Court concludes that defendant was substantially justified in defending the ALJ's decision.

Defendant's position regarding the duty to develop the record is "justified to a degree that could satisfy a reasonable person." *See Pierce*, 487 U.S. at 565.

## CONCLUSION

Therefore, for the reasons stated and based on the record and briefs, the Court concludes that plaintiff's motion for attorney's fees and costs (Dkt. 18) is denied. 28 U.S.C. § 2412(d)(1).

Dated this 2nd day of February, 2018.

J. Richard Creatura
United States Magistrate Judge